NO. 07-10-00500-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 7, 2011

_____

DAVID HAROLD GREER, JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 59,244-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ORDER OF ABATE AND REMAND**

Appellant David Harold Greer, Jr., appeals his conviction for felony possession of a controlled substance and resulting sentence of incarceration.

The trial court signed a document certifying appellant's right of appeal. Appellant did not sign the certification, however.[1] According to the limited information before us, appellant was represented at trial by appointed counsel. Counsel signed and filed a

_____

[1] "The certification shall include a notice that the defendant has been informed of his rights concerning an appeal, as well as any right to file a *pro se* petition for discretionary review. This notification shall be signed by the defendant, with a copy given to him." Tex. R. App. P. 25.2(d).

notice of appeal. The district clerk's criminal information sheet states that appellant was "declared unable to pay costs."

On January 7, 2011, the court reporter filed a request for extension of time to file the reporter's record. The reporter grounded the request on appellant's failure to designate the record and pay or make arrangements for payment of the reporter's record. By letter, we ordered appellant's counsel to file a writing by January 24, evidencing satisfaction of the reasons the reporter specified for requesting additional time to file the record. Counsel took no action. The clerk of this court contacted counsel by telephone and was advised that he was not appointed as appellant's counsel on appeal.

On January 28, 2011, the clerk of the trial court filed a request for extension of time to file the clerk's record. The clerk grounded the request on appellant's failure to pay or make arrangements for payment of the clerk's record and the absence in the case of appointed appellate counsel. We have not been provided an order of the trial court relieving trial counsel of his duties on appellant's behalf.[2]

We abate the appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall utilize whatever means necessary to secure a certification complying with Rule 25.2(d).

---

[2] By accepting appointment to represent an indigent defendant, counsel undertakes the duty to represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or counsel is relieved of his duties by the court or replaced by other counsel after a finding of good cause is entered on the record. Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) (West Supp. 2010). Additionally, "[u]nless another attorney is designated, lead counsel for an appellant is the attorney whose signature first appears on the notice of appeal." Tex. R. App. P. 6.1(a).

On remand, the trial court is also directed to immediately notice and conduct a hearing to:

1. determine whether good cause exists to relieve appellant's appointed counsel of his duties;

2. determine whether appellant still wishes to pursue his appeal;

3. determine whether appellant has retained counsel to prosecute his appeal;

4. determine whether appellant is indigent; and

5. if appellant is indigent, whether he is entitled to appointed counsel on appeal and a free appellate record.

We further direct the trial court to issue findings of fact and conclusions of law addressing the subjects numerically itemized above. If, on a finding of good cause, the trial court relieves counsel of his duties, finds appellant desires to pursue his appeal, finds appellant is without legal representation, and finds appellant is indigent, then we direct the trial court to appoint counsel to assist in the prosecution of the appeal and to order a record of the trial court proceedings be provided to appellant free of charge. The name, address, telephone number, fax number, and state bar number of the counsel who will represent appellant on appeal must also be included in the trial court's findings of fact and conclusions of law. Furthermore, the trial court shall cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law herein required and all orders of the trial court issued as a result of its hearing on this matter, and 2) a supplemental reporter's record transcribing the evidence and argument presented at the hearing on this matter. Additionally, the trial court shall cause the supplemental record to be filed with the clerk of this court on or

3

before March 9, 2011. Should additional time be necessary for performing these tasks, the trial court may request same on or before March 9, 2011.

If the trial court finds appellant desires to pursue his appeal and is entitled to a free record on appeal, the record shall be filed with the clerk of this court on or before April 7, 2011. Should the trial court find appellant desires to pursue his appeal but is not entitled to a free record, the record shall be filed with the clerk of this court on or before April 7, 2011 subject, however, to appellant's compliance with the requirements of Rule of Appellate Procedure 35.3. Tex. R. App. P. 35.3. Additional deadlines shall fall in accordance with the appellate rules. *See* Tex. R. App. P. 38.6.

It is so ordered.

Per Curiam

Do not publish.